**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL CASE NO. 3:08cr10**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| **ROSWELL BOWMAN.** ) | |
| ) | |

**THIS MATTER** is before the Court *sua sponte* to continue the case.

On January 23, 2008, the Defendant was indicted in a seven-count bill of indictment and charged with one count of conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); one count of possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and 18 U.S.C. § 2; one count of possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B); two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and two counts of being a felon in possession of a firearm, in violation of

18 U.S.C. § 922(g)(1). An arrest warrant was issued. The Defendant's initial appearance was on January 29, 2008 at which time counsel was appointed. The Defendant's arraignment was on February 4, 2008, at which time his case was placed on the February 11, 2008 calendar for trial.

"Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C. §3161(c)(2). The Defendant here has not so consented and thus, his trial may not start less than thirty days from his appearance with counsel.

In addition, the Court finds that counsel would not have an adequate opportunity to prepare for trial, taking into account the exercise of due diligence. The Court therefore finds that a failure to grant the continuance "would unreasonably deny the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §3161(h)(8)(B)(iv).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §3161(h)(8)(A).

**IT IS, THEREFORE, ORDERED** that the above-captioned case is **CONTINUED** from the February 11, 2008 term in the Charlotte Division.

Signed: February 4, 2008

Martin Reidinger
United States District Judge