IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Case No. 3:09cv551
[Criminal Case No. 3:08cr10]

| | |
|---|---|
| ROSWELL BOWMAN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____) | **O R D E R** |

**THIS MATTER** is before the Court on the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

**PROCEDURAL HISTORY**

On January 23, 2008, the Petitioner was charged with conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841 and 846; two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841; two counts of using and carrying

1

a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). United States v. Bowman, [Criminal Case No. 3:08cr10, at Doc. 1]. Two days later, the Government filed an Information pursuant to 21 U.S.C. § 851 noting that Petitioner had previously been convicted of a felony drug offense. [Id., at Doc. 4]. As a result, the Petitioner faced a mandatory minimum sentence of twenty (20) years imprisonment. 21 U.S.C. §841(b)(1)(A).

On August 11, 2008, the Petitioner entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to one count of possession and one §924(c) count in exchange for the Government's agreement to dismiss the other counts. [Id., Doc. 40, at 1]. The plea agreement also contained a waiver provision pursuant to which the Petitioner waived any right to direct appeal or collateral attack except on the grounds of ineffective assistance of counsel and prosecutorial misconduct. [Id., Doc. 40, at 4-5]. On August 15, 2008, the Petitioner attended a Rule 11 hearing and entered his guilty pleas. [Id., at Doc. 43]. In the course of that hearing, the Petitioner acknowledged that his guilty pleas were knowing and voluntary and that he was waiving his right to contest his conviction and sentence pursuant

to §2255. [Id.].

On January 15, 2009, after granting the Government's motion for downward departure based on substantial assistance, the undersigned sentenced the Petitioner to 87 months imprisonment on Count One and 60 months consecutive imprisonment on Count Two. [Id., at Doc. 53]. The Petitioner did not appeal his conviction or sentence.

On December 30, 2009, the Petitioner timely filed this motion in which he claims that the one hundred to one sentencing ratio for cocaine powder and cocaine base violated his constitutional rights.

## STANDARD OF REVIEW

> A prisoner in custody under sentence of a [federal] court ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. §2255(a).

The Rules Governing Section 2255 Proceedings for the United States District Courts provide in pertinent part:

> The judge who receives the [§2255] motion must promptly

examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion[.]

Rule 4(b).

## DISCUSSION

As noted, the Petitioner's plea agreement contains an explicit waiver of the Petitioner's right to challenge his sentence or conviction in appellate or post-conviction motions except for claims of ineffective assistance of counsel or prosecutorial misconduct. At his Rule 11 hearing, the Petitioner swore under oath that he understood he was waiving his right to challenge his sentence or conviction in a post-conviction proceeding, except for those two grounds. "[A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity,'" because courts must be able to rely on the defendant's statements made under oath during a properly conducted rule 11 plea colloquy." United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (citations omitted). Representations made by a defendant at a Rule 11 hearing, as well as the findings made by the judge therein, constitute a formidable barrier in a subsequent collateral attack. Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); United

4

States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), *certiorari denied* 503 U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992) ("[Petitioner] stated during the Rule 11 colloquy that he had not been coerced or threatened into pleading guilty." Such statements "constitute a 'formidable barrier' to collateral proceedings to vacate the plea."); *accord*, United States v. Lambey, 974 F.2d 1389, 1394-95 (4th Cir. 1992), *certiorari denied* 513 U.S. 1060, 115 S.Ct. 672, 130 L.Ed.2d 605 (1994); United States v. Land, 60 Fed.Appx. 963 (4th Cir. 2003), *certiorari denied* 540 U.S., 124 S.Ct. 859, 157 L.Ed.2d 731 (2003).

Moreover, "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005); *accord,* United States v. Johnson, 410 F.3d 137, 151-53 (4th Cir. 2005), *certiorari denied* 546 U.S. 952, 126 S.Ct. 461, 163 L.Ed.2d 350 (2005) (upholding defendant's knowing and voluntary waiver of appellate rights). Having reviewed the record, the Court finds that the Petitioner knowingly and voluntarily entered into his plea agreement and understood that he was waiving his right to attack his conviction and sentence pursuant to §2255, except as to ineffective assistance of counsel and prosecutorial misconduct. The claims raised by Petitioner in this motion do not fall within those two

5

exceptions. The Court finds that the agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to Petitioner's attempts to challenge his sentence on the grounds raised in this motion. Lemaster, 403 F.3d at 221-22; United States v. Morgan, 284 Fed.Appx. 79 (4th Cir. 2008).

Having considered the Petitioner's motion, any attached exhibits, and the record of the prior proceedings, the Court finds that the Petitioner is not entitled to relief and the motion must be dismissed. The Court further finds that the Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **DENIED** and this action is dismissed.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

Signed: July 13, 2010

Martin Reidinger
United States District Judge