THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL CASE NO. 3:08-cr-00010-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROSWELL BOWMAN, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's Motion for Early Termination of Supervised Release [Doc. 108].

In August 2008, the Defendant Roswell Bowman pled guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 2 (Count Two), and one count of using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1) (Count Three). In January 2009, the Court sentenced the Defendant to a term of 87 months' imprisonment on Count Two and a consecutive term of 60 months' imprisonment on Count Three, resulting in a total term of 147 months, and a total supervised release term of ten years. [Doc. 53].

The Bureau of Prisons' website indicates that the Defendant was released from custody on September 10, 2018.[1] The Defendant now moves the Court to exercise its discretion and terminate his term of supervised release. [Doc. 108].

The Court may, after considering the relevant § 3553(a) factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release…." 18 U.S.C. § 3583(e)(1). In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Id. Here, the Court is not satisfied that termination is warranted at this time. The Court notes that the Defendant has not yet completed half of his term of supervision. Although the Defendant's adjustment to supervision is commendable, the Court finds that further supervision remains warranted at this time. Accordingly, the Defendant's request to terminate his term of supervised release is denied without prejudice to renewal at a later date.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Early Termination of Supervised Release [Doc. 108] is **DENIED**

---

[1] See https://www.bop.gov/inmateloc/ (last accessed April 20, 2023).

**WITHOUT PREJUDICE**. The Defendant's term of supervised release shall continue as originally sentenced.

**IT IS SO ORDERED.**

Signed: April 21, 2023

Martin Reidinger
Chief United States District Judge